On Application for Rehearing.
Watkins, J.
This suit is one via ordinaria in the foreclosure of a •special mortgage securing certain promissory notes which the plaintiff acquired from the commercial firm of Bedford & O’Kelley, of which he was a member.
*1248 The defendants admitted executing the notes and having secured same by mortgage on the Woodburn plantation, but they claim to have become fully discharged from any indebtedness thereon by compensation in the following manner, viz.:
That contemporaneously with the execution of the aforesaid notes and mortgage, they executed a lease of the mortgaged premises to one Knowles for a period of five years for the price of three thousand dollars in annual instalments of six hundred dollars each, and placed them in the hands of Bedford & O’Kelley as collateral security for the notes secured by mortgage; said mortgagees and pledgees entering into a written agreement at the time to collect the rent notes and apply the proceeds to the satisfaction of the mortgage notes as they became due.
That the lessee of the plantation, in turn, became a customer of Bedford & O’Kelley and bought supplies from them, to the knowledge of the mortgagors; the latter relying on the fact, that, as factors of the lessees, the mortgagees were in a position to protect their interests, and on the avails of the lease to keep down their indebtedness on the mortgage.
That these arrangements worked well for a year or two, and the rents were collected by Bedford & O’Kelley and the proceeds applied to the extinguishment of the mortgage; but subsequently the lessee discontinued his planting operations, abandoned the leased premises and removed the farming implements, stock, etc., without discharging the obligations of the lease; and leaving the payment of the rent and .the mortgage notes unprovided for.
On this state of facts the defendants claim to have been largely damaged by Bedford & O’Kelley on account of their failure to provisionally seize the effects of the lessee, and thus secure the rent and satisfy the mortgage debt — their contention being that the default of the lessee and his violation of the lease contract matured the deferred instalments of the rent and made same collectible by suit and seizure.
On the other hand, the contention of the mortgagees is that the lessee owed them a large balance of account for necessary plantation supplies furnished, bearing a lien on the crop, and which gave them a legal right to protect themselves. That while they had the legal right as pledgees of the rent notes to provisionally 'seize the lessee’s crop, yet the defendants as owners thereof had also that right and could have protected themselves by suit and seizure.
*1249 The District Judge entertaining the theory of the defendants gave judgment accordingly and the plaintiff appealed.
Our decree reversed that judgment and rejected the defendants’ demands and gave the plaintiffs judgment.
Our opinion favored the theory above outlined as that of the plaintiff, and held that while as a general proposition the default of the lessee in paying maturer instalments of a continuing lease matured the deferred instalments thereof and subjected his effects and property to seizure for the whole rent, yet this effect is produced only with respect to the parties, lessor and lessees, and did not extend to other privileged creditors of the lessor in such a manner as to diminish their rights on the crop.
On this application defendants’ counsel contends (1) that it was error on the part of the court to hold that it was the duty of the defendants as pledgors to institute suit against the defaulting lessee; (2) and that it was error on the part of the court to hold that the pledgee who had made advances on the crop can, after the lessee’s abandonment of the leased premises, apply the fruits to his own claim to the prejudice of that of the pledgor.
We think it clear that the pledgee was only bound to use the ordinary care of a prudent owner in securing the collection of the rent, and no more; but that did not exclude the right of the pledgor and owner of so doing. Especially as the lessee was under personal and peculiar obligations to him.
Under the circumstances of this case and the mutual engagements of the parties it would be inequitable and illegal to put all the loss as well as responsibility upon the pledgee and mortgagee.
If the creditor had believed that he would have entailed upon himself the consequences supposed by accepting the piedge, he would doubtless have never given his consent, for it would have been to risk not only his mortgage but the advances he made to the lessee as well, upon the good faith of the lessee in keeping his contract to the end.
It is a conspicuous feature of.this case that the lessor knew at the time that he made the contract that the lessee was a customer of the mortgagor, and that there was the possibility of a conflict of interest between them.
Rehearing refused.